IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BONNIEVIEW APOSTOLIC CHAPEL,**
a corporation, and **ROBERT FAZZALORE,**
an individual and President and Pastor
of Bonnieview Apostolic Chapel,

      Plaintiffs,

v.                                        **CIVIL ACTION NO.: 3:24-CV-18 (GROH)**

**GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY,** a foreign
corporation/company,

      Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now before the Court are two motions for summary judgment, one filed by the Defendant [ECF No. 22] and one submitted by the Plaintiffs [ECF No. 23]. Both parties seek judgment as a matter of law on Count I—i.e., the question of whether the parties' insurance policy provides coverage for Plaintiff Fazzalore's injuries. The motions are fully briefed and ripe for review. For the below reasons, the Defendant's Motion for Summary Judgment is granted, and the Plaintiffs' Motion for Summary Judgment is denied.

### I.   BACKGROUND

For ease of review, the following facts are presented as alleged by the Plaintiffs: Bonnieview Apostolic Chapel and its President and Pastor, Robert Fazzalore. ECF No. 1-1 ¶¶ 1, 2. In June 2021, the Plaintiff Chapel purchased a Toyota Highlander for Plaintiff Fazzalore's use. Id. ¶ 6. Additionally, the Plaintiff Chapel acquired insurance

1

coverage for the Highlander from the Defendant under policy number 001829324 ("the Policy") with the Plaintiff Chapel as the only named insured. See id. ¶¶ 8, 9.

On January 27, 2022, Plaintiff Fazzalore, after parking, exiting, and walking approximately one block away from the Highlander, was struck by a Mazda SUV that had left the road. Id. ¶¶ 14–19. The Plaintiffs aver Pastor Fazzalore "suffered serious and permanent bodily injuries" from the collision. Id. ¶¶ 9, 14, 15. The Plaintiffs filed a claim under the Policy, which the Defendant denied via letter dated October 31, 2023. Id. ¶ 19.

Ultimately, the Plaintiffs filed a four-count complaint in the Circuit Court of Mineral County, West Virginia on January 23, 2024. ECF No. 1 ¶ 1. The Defendant removed the case to this Court on February 12, 2024. Id. Thereafter, the Defendant filed a Motion to Bifurcate and Stay [ECF No. 6] and a Motion for Partial Dismissal[1] [ECF No. 7]. In granting the Motion to Bifurcate and Stay, the Court bifurcated Count I in the Complaint—i.e., the question of whether the parties' insurance policy provides coverage for Plaintiff Fazzalore's injuries ("the coverage issue")—and stayed the remaining claims and discovery in this matter. ECF No. 19. On July 15, 2024, the Court issued its Order Setting Briefing Schedule, which directed the parties to brief the coverage issue. ECF No. 21. The instant motions for summary judgment followed. ECF Nos. 22, 23.

## II.     LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A

---

[1] The Court granted this motion and dismissed the portions of Count III asserted under subsections (b), (c), (d), and (f) of West Virginia Code § 33-11-4(9), as well as Count IV. ECF No. 18.

genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. That is, once the movant has met its burden to show an absence of dispute, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323–25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). "[S]ufficient evidence supporting the claimed factual dispute [must] be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249.

### III.    DISCUSSION

As noted above, both parties seek summary judgment on the coverage issue. ECF Nos. 22, 23. Specifically, the Defendant argues it is not required to provide coverage for Plaintiff Fazzalore's injuries because he was not "using" the Toyota Highlander at the time he sustained his injuries. ECF No. 22 at 1. The Plaintiff responds the term "using" is ambiguous in the Policy and that "[w]hen liberally construing the term 'using,' it is clear that Pastor Fazzalore is entitled to" coverage under the Policy. ECF No. 23 at 3.

Upon review and consideration, the Court agrees with the Defendant. In pertinent part, the Policy provides coverage for injuries sustained by an "insured" caused by an accident. ECF No. 22-1 at 41. Relevant here, the Policy defines an insured as: "Anyone 'occupying' or using a covered 'auto.'" Id. at 42. The parties agree Plaintiff Fazzalore was not "occupying" the Highlander when he sustained his injuries. See, e.g., ECF No. 23-1 at 7–9. The Policy does not define "using." See generally ECF No. 22-1.

Under West Virginia law, when "the 'use' of a vehicle is in question for insurance purposes due to the separation of an individual from a vehicle at the time of the accident, the court must determine whether there is a causal connection between the motor vehicle and the injury." Cleaver v. Big Arm Bar & Grill, Inc., 202 W. Va. 122, 127 (1998). This is a factual inquiry, unique to the "context of each case." Id. The Supreme Court of Appeals of West Virginia ("SCAWV") has outlined four non-exclusive factors that may aid the inquiry: (1) the proximity of the injured person to the vehicle at the time of the accident; (2) whether the injured person "was vehicle oriented as opposed to highway or sidewalk oriented"; (3) whether the injured person had relinquished control of the vehicle; and (4) whether

4

the injured person "was engaged in a transaction reasonably related to the use of the vehicle at the time of the accident." Id.

Here, the Complaint outlines the following timeline. Plaintiff Fazzalore parked the Highlander at a hotel. ECF No. 1-1 ¶ 12. He then retrieved financial documents from church officials in the hotel lobby. Id. ¶ 13. Plaintiff Fazzalore returned to the Highlander and placed the documents inside. Id. Thereafter, he locked the Highlander, "placed the key fob in his pocket, and began walking towards the Charleston Coliseum & Convention Center[.]" Id. While walking, Plaintiff Fazzalore "was struck by a Mazda SUV that left the road and traveled along the sidewalk. The collision occurred approximately 539 feet, less than two football fields, from" the Highlander. Id. ¶ 14.

The Court holds there was no causal connection between the Highlander and Plaintiff Fazzalore's injuries. Beginning with the first Cleaver factor, it weighs heavily against finding a causal connection. Indeed, a distance measured in football fields can hardly be described as a "reasonably close proximity." Cleaver, 202 W. Va. at 127. Similarly for the second factor, Plaintiff Fazzalore was sidewalk oriented at the time of the collision insofar as it occurred over one block away from Highlander. ECF No. 1-1 ¶ 14.

Regarding the third factor, the Plaintiffs argue Pastor Fazzalore did not relinquish control of the Highlander because no one else drove the Highlander or took possession of the key fob. ECF No. 23-1 at 12. The Plaintiffs' definition of "relinquished control" is overly broad. In Cleaver, the SCAWV concluded an individual relinquished control of their vehicle after parking, exiting, and walking away. See 202 W. Va. at 123, 127 (citing Bernard v. Nationwide Mut. Fire. Ins. Co., 206 Ga. App. 519, 520 (1992)). So too here. Plaintiff Fazzalore parked, exited the Highlander, and walked approximately ten times

5

farther than the individual in Cleaver. Thus, as in Cleaver, this Court concludes Plaintiff Fazzalore had relinquished control of the Highlander at the time of the collision.

As to the fourth factor, Plaintiff Fazzalore's "actions of [walking over one block away from the Highlander] with the intent to enter [the Charleston Coliseum & Convention Center for the youth convention] demonstrate that [Plaintiff Fazzalore] was not engaged in a transaction essential to the vehicle's use at the time" of the collision. Cleaver, 202 W. Va. at 127. Thus, Plaintiff Fazzalore was not "engaged in a transaction reasonably related to the use of the vehicle at the time of the accident." Id.

In sum, the Cleaver factors counsel there was no causal connection between the Highlander and Plaintiff Fazzalore's injuries, and the Plaintiffs fail to proffer facts that demonstrate otherwise. Therefore, the Court holds Plaintiff Fazzalore was not "using" the Highlander at the time of the collision as a matter of law.

## IV.   CONCLUSION

For the above reasons, the Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**, and the Plaintiffs' Motion for Summary Judgment [ECF No. 23] is **DENIED**.

As previously agreed by the parties, the Plaintiffs' remaining claims cannot proceed in light of this Order. See ECF No. 19 at 3. Accordingly, this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket and **TERMINATE AS MOOT** all pending motions.

The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: January 30, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE